# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANGELA BLACHER, SCOTT GILMORE, ELIZABETH SCOTT, MATTHEW STACEY, EDWARD STEAVE, and ASHAHED TRICHE,<br><br>Plaintiffs,<br><br>vs.<br><br>VILLAGE OF DOLTON, DEBORAH DENTON, DUANE MUHAMMAD, ROBERT PIERSON, and VALERIA STUBBS,<br><br>Defendants. | Case No. 18 C 7053 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Angela Blacher, Scott Gilmore, Elizabeth Scott, Matthew Stacey, Edward Steave, and Ashahed Triche were employees of the Village of Dolton who, at one time or another during their tenure, reported directly to the Mayor of Dolton. They have sued the Village and Village Trustees Deborah Denton, Duane Muhammad, Robert Pierson, and Valeria Stubbs, challenging the Board of Trustees' decision to eliminate the plaintiffs' positions. Plaintiffs allege that the trustees terminated the plaintiffs' positions due to their political speech in favor of, and their association with, Mayor Riley Rogers. Defendants have moved to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court denies defendants' motion.

## Background

The plaintiffs' complaint alleges the following facts, which the Court accepts as true in considering the motion to dismiss. See *West Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Plaintiffs were appointed by Mayor Riley Rogers and were employed by the Village of Dolton. Blacher was the Village's director of human resources; Scott was Mayor Rogers's chief of staff; Stacey was public works superintendent; Steaves was the Village's media director; and Triche was the director of the mayor's office of communications and public affairs.

Prior to plaintiffs' termination, the Village's Board of Trustees had adopted Ordinance No. 18-002, which provided that all hiring, firing, and salary decisions of Village employees except police officers had to be approved by the board. The ordinance also provided that the board was the final arbiter of appeals of employee terminations.

The lawsuit stems from the elimination of plaintiffs' positions through the passage of "Ordinance No. 18-010 – Adopting an Appropriation and Budget Ordinance for FY 2018-2019," which the Board of Trustees adopted in August 2018. Plaintiffs contend that the board terminated plaintiffs' positions due to their political association with Mayor Rogers and their public speech in support of the mayor.

On August 3, 2018, three days prior to the publicly posted special meeting regarding the consideration of Ordinance No. 18-010, Mayor Rogers and several volunteers, including Scott, Steave, and Triche, were circulating petitions to place on the November 2018 ballot referendum questions regarding whether to consolidate primary and general elections in the Village of Dolton, whether to reduce the number of elected

2

trustees from six to four, and whether to institute term limits on trustees. Having learned of Mayor Rogers' petition and his supporters' involvement, the trustees met at Trustee Tubbs' home. The meeting was not open to the public, nor was notice given that the meeting would be held.

The defendant trustees drafted a prepared statement and a proposed amendment to the Village's budget at some point between their August 3 meeting and the scheduled August 6 vote. The amendment and statement were presented to the Mayor and Village staff approximately 15 minutes before the commencement of the August 6 meeting. No action was taken regarding the statement or amendment on the August 6 meeting. The trustees then scheduled a meeting for August 10. Absent from the notice for the meeting was any mention of the just-introduced amendment. On August 10, the defendant trustees read the prepared statement and voted to amend the budget ordinance to include the proposed elimination of plaintiffs' positions. The board then adopted the ordinance. On September 4, 2018, Mayor Rogers vetoed Ordinance No. 18-010. The Board of Trustees overrode Mayor Rogers's veto on October 1, 2018, and as a result the ordinance eliminating plaintiffs' positions took effect.

Plaintiffs have sued the trustees and the Village under 42 U.S.C. § 1983. They allege that the trustees retaliated against them for exercising their First Amendment right of political speech (Count 1), terminated them because of their political support of and association with Mayor Rogers in violation of the First Amendment (Count 2), and terminated them because of their membership in the class of Mayor Rogers' supporters in violation of the Equal Protection Clause of the

3

Fourteenth Amendment (Count 3). Plaintiffs also assert that the termination of their positions amounted to a policy or practice of the Village to retaliate against Mayor Rogers' political supporters (Count 4). Defendants have moved to dismiss the complaint for failure to state a claim.

## Discussion

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's allegations as true and draws reasonable inferences in his favor. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). To state a viable claim, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**A.     Policymaking exception**

Defendants contend that none of plaintiffs' claims are viable because the plaintiffs are "policymaking" employees of the Village. Defendants rely primarily on *Wilbur v. Mahan*, 3 F.3d 214, 218 (7th Cir. 1993), in which the Seventh Circuit upheld the dismissal of a suit by a sheriff's deputy alleging that the incumbent sheriff's policy of placing employees who ran for sheriff on an unpaid leave of absence was a violation of the deputy's First Amendment rights. The Seventh Circuit held that "[o]nce [an] employee is classified as confidential or policymaking, he can be fired on political grounds even if there is no evidence that he would not serve his political superiors loyally and competently." *Id.* In *Elrod v. Burns,* 427 U.S. 347 (1976), the seminal case

in the development of the policymaking exception to the First Amendment right of political speech and association, the Supreme Court held that termination on the basis of partisan affiliation of a policymaking employee, defined as an employee who "acts as an advisor or formulates plans for the implementation of broad goals," does not violate the First Amendment because "representative government [should] not be undercut by tactics obstructing the implementation of policies of the new administration, policies presumably sanctioned by the electorate." *Id. at* 367.

In *Wilbur*, the Seventh Circuit drew on *Upton v. Thompson*, 930 F.2d 1209 (7th Cir. 1991), to conclude that deputy sheriffs in the State of Illinois are policymakers, essentially as a matter of law, due to their duties as established by prior caselaw. *Id.* at 1215-17. Here, by contrast, the defendants have only provided plaintiffs' job titles, a reference from a Village website, and a link to one of the plaintiffs' LinkedIn profile to support their contention that plaintiffs held policymaking positions. The last two items are not properly considered on a Rule 12(b)(6) motion, which permits the Court to consider only the complaint and materials referenced in it. *See, e.g., Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). The Village website, which is unauthenticated in any event, is essentially *defendants'* version of the relevant facts and thus is not appropriately considered. *See, e.g., Veazey v. Commc'ns & Cable of Chicago, Inc.*, 194 F.3d 850, 861 (7th Cir. 1999) ("On a motion to dismiss under Rule 12(b)(6), the only 'facts' favorable to a defendant that a court can consider are those alleged in the plaintiff's complaint."). The same is true of the purported LinkedIn post, which is any event is not a binding admission and could, for all one knows, include puffery.

This leaves defendants with only the plaintiffs' job titles to support the contention that they each held policymaking positions. The Seventh Circuit in *Flenner v. Sheahan*, 107 F.3d 459, 463 (7th Cir. 1997), drawing on the Supreme Court's decision in *Burns v. Elrod*, 427 U.S. 347 (1976), concluded that the job title or label of an employee is not dispositive in determining whether the employee is considered a policymaker. In *Barner v. City of Harvey*, No. 95 C 3316, 1998 WL 664951 (N.D. Ill. Sept. 18, 1998), the court addressed this point directly, stating that "[d]efendants have fallen into the trap of believing that listing the title of an ex-employee or tagging him or her as 'confidential' or 'supervisory' is sufficient to prove that the ex-employee's position was covered by the policymaking position exception. Case law has made clear for over two decades that labels are not the key to determining whether a position is 'policymaking' for purposes of the exception." *Id* at *54. This Court agrees.

In short, dismissal of plaintiffs' claims based on their job title alone is inappropriate—and that is all defendants have to support their motion. The Court therefore declines to dismiss plaintiffs' claims on this basis.

**B.     Qualified immunity**

The trustee defendants also argue that they are entitled to dismissal based on the doctrine of qualified immunity. Specifically, they contend that the plaintiffs have not sufficiently alleged that the individual defendants violated any clearly established constitutional rights. To assess a claim of qualified immunity, the Court determines, first, whether the plaintiff has alleged the deprivation of an actual constitutional right, and second, whether the right was clearly established at the time of the violation. *See, e.g., Wilson v. Layne,* 526 U.S. 603, 609 (1999); *Doyle v. Camelot Care Ctrs., Inc.*, 305

F.3d 603, 616 (7th Cir. 2002). The "right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

The Court cannot conclude from the face of the complaint that the defendants are entitled to qualified immunity. It is conceivable that the defendants may be able to demonstrate at the summary judgment stage they are entitled to qualified immunity. At the current juncture, however, their arguments fail. As the Seventh Circuit has stated, qualified immunity is "almost always a bad ground for dismissal" under Rule 12(b)(6). *See Jacobs v. City of Chicago,* 215 F.3d 758, 765 n. 3 (7th Cir. 2000); *id.* at 775 (Easterbrook, J., concurring). A plaintiff is not required to plead around an anticipated qualified immunity defense. *See Gomez v. Toledo,* 446 U.S. 635, 639–40 (1980). To put it another way, plaintiffs are not required to prove the absence of qualified immunity in their complaint. At this stage the question is whether, taking the complaint's factual allegations in the light most favorable to the plaintiffs, there is a plausible basis for a claim that would overcome a qualified immunity defense. The answer to that question is yes. If, as plaintiffs allege, the trustee defendants were aware of plaintiffs' political speech and political association in support of Mayor Rogers—as plaintiffs allege--and their claims are not barred because they are policymaking employees—which cannot be determined at this stage—the trustee defendants are entitled to qualified immunity given the clear and long-established constitutional right that is at issue.

## Conclusion

For the foregoing reasons, the Court denies defendants' motion to dismiss.

7

Date:  April 12, 2019

_____
MATTHEW F. KENNELLY
United States District Judge